UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4054 PA (MARx) | Date | October 8, 2024 |
|---|---|---|---|
| Title | Zhicheng Zhang v. Ur M. Jaddou, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS**

On August 23, 2023, the Court granted the parties' Stipulation to stay this case pending the Ninth Circuit's decision in <u>Grecia Mercado, et al v. Loren Miller, et al.</u>, No. 23-16007. In the Court's Order granting the Stipulation, the Order provided: "The parties shall provide a joint status report within 7 days after resolution of <u>Grecia Mercado, et al. v. Loren Miller, et al.</u>, No. 23-16007; which is currently before the United States Court of Appeals for the Ninth Circuit, <u>or by April 30, 2024</u>." (Docket No. 13 (emphasis added).)[1]

After the parties failed to file a joint status report, the Court issued an Order on September 19, 2024, requiring the parties to file a joint status report no later than October 4, 2024 and every 60 days thereafter. The Court expressly warned the parties that "[f]ailure to timely or adequately respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of this action." (Docket No. 14.) However, the parties have not filed a joint status report and have therefore failed to comply with the Court's Orders.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); <u>see</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 986–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. <u>See</u> <u>Link</u>, 370 U.S. at 629–30; <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); <u>Yourish</u>, 191 F.3d at 987–88.

In <u>Henderson v. Duncan</u>, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious

---

[1] Currently, <u>Grecia Mercado, et al. v. Loren Miller, et al.</u>, No. 23-16007, remains pending before the Ninth Circuit Court of Appeals.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4054 PA (MARx) | Date | October 8, 2024 |
|---|---|---|---|
| Title | Zhicheng Zhang v. Ur M. Jaddou, et al. | | |

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

    Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

    The third Henderson factor also favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see Pagtalunan, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994); Moore v. Teflon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978). Moreover, "[w]here a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal." Rollins v. Superior Ct. of Los Angeles, 706 F. Supp. 2d 1008, 1014 (C.D. Cal. 2010) (citing Yourish, 191 F.3d at 991–92). Here, the parties have not filed anything in this case for over one year, and neither the plaintiff nor the defendants offer any excuse for failing to comply with the Court's Orders.

    In considering the fourth and fifth Henderson factors, the Court notes that after the parties failed to file a joint status report by April 30, 2024, as required by the Court's August 23, 2023 Order, the Court waited several months before issuing its September 19, 2024 Order, which allowed the parties additional time to file the required joint status report. The September 19, 2024 Order also specifically warned the parties that failure to file the joint status report may result in dismissal of this action. Despite this warning, the parties have not filed their joint status report, and the plaintiff has made no attempt to further prosecute this action. The plaintiff's disregard of the Court's Orders suggests a lack of intention to prosecute this action diligently. Finally, the Court is adopting the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."); Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001) (a warning that failure to obey a court order will result in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4054 PA (MARx) | Date | October 8, 2024 |
|---|---|---|---|
| Title | Zhicheng Zhang v. Ur M. Jaddou, et al. | | |

dismissal "can itself suffice to meet the 'consideration of alternatives' requirement"), as amended on denial of reh'g and reh'g en banc (May 24, 2001).  Thus, the Henderson factors weigh in favor of dismissal.

    Accordingly, as a result of the parties' violation of the Court's Orders, this action is dismissed without prejudice.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 987–88; Ferdik, 963 F.2d at 1260.  The Court will enter a Judgment consistent with this Order.

    IT IS SO ORDERED.